**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4009
_____

MINDY CAPLAN,

Appellant

v.

L BRANDS/VICTORIA'S SECRET STORES

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-14-cv-01021)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2017

_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*.

(Opinion filed: August 9, 2017)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

Appellant Mindy Caplan appeals the District Court's order granting Defendant

Victoria's Secret's motion for summary judgment on Caplan's 42 U.S.C. § 1981 claim

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and interference and retaliation claims under the Family and Medical Leave Act.  For the reasons that follow, we affirm the judgment of the District Court.[1]

## I.

We review grants of summary judgment de novo.[2]  Summary judgment is appropriate where the moving party is entitled to judgment as a matter of law, and there are no genuine disputes as to any material facts.[3]  In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party.[4]  We refrain from making credibility determinations or weighing the evidence.[5]

## II.

### A.  Section 1981 Retaliation Claim

Caplan argues that the District Court improperly drew inferences most favorable to Victoria's Secret, the moving party.  She claims that the Sterling post was meant to be a protest against race discrimination, and any reasonable person who saw the post would understand that it was mocking a racist business owner.  She argues that the Airwrecka post was simply intended to be funny and not racist.

To establish a prima facie case of retaliation, a claimant must demonstrate that "(1) he [or she] engaged in protected activity, (2) [the] employer took an adverse

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

[2] *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013).

[3] *See, e.g.*, *Hampton v. Borough of Tinton Falls Police Dep't*, 98 F.3d 107, 112 (3d Cir. 1996).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

2

employment action against him [or her], and (3) there was a causal connection between his participation in the protected activity and the adverse employment action."[6] Once the claimant establishes a prima facie case, the employer must "advance a legitimate non-retaliatory reason for its conduct."[7] If the employer meets this burden, then the claimant must "show that the proffered reason was a pretext for retaliation."[8]

Because Caplan is an at-will employee, her retaliation claim fails if either post is not protected speech. We agree that an issue of fact may well exist as to the Sterling post. Its message is not clear and could properly be interpreted as mocking a racist business owner just as Caplan explains. However, even if this post was intended as a protest against racism, and therefore fell under the protective umbrella of the First Amendment, Caplan's claim still fails given the Airwrecka post.

Caplan does not argue that the Airwrecka post qualifies as protected activity. Instead, she merely found it funny. The District Court correctly found that this post, "objectively, could not be found to include any protest against specific acts of racial discrimination prohibited by § 1981. Indeed, the picture serves no purpose other than to satirize the atypical spelling of an African-American woman's name."[9] The record is clear that supervisors at Victoria's Secret had decided that Caplan would be fired if she was responsible for *either* post. Since there is no factual dispute about her being

[6] *Est. of Oliva ex rel. McHugh v. State of N.J.*, 604 F.3d 788, 798 (3d Cir. 2010).
[7] *Id.*
[8] *Id.*
[9] *Caplan v. L Brands/Victoria's Secret Stores, LLC*, 210 F. Supp. 3d 744, 755 (W.D. Pa. 2016).

responsible for the Airwrecka post, Victoria's Secret was clearly entitled to terminate her employment.

## B. FMLA Interference Claim

Caplan also claims that Victoria's Secret interfered with her FMLA rights by failing to notify her of her eligibility.

A plaintiff must demonstrate that "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA."[10]

Caplan's interference claim fails because Caplan was aware of her rights under the FMLA. She took FMLA leave three times in 2010 and 2012 and followed Victoria's Secret's policy when requesting leave. However, in 2014, Caplan did not take or request FMLA leave. Instead, she used days of her paid time off between April and June to attend to her and her son's medical issues and simply emailed her manager to inform her that she was taking time off. Nonetheless, even if Caplan provided adequate notice of her need for FMLA leave and Victoria's Secret failed to provide her with a FMLA eligibility notice, her claim still fails because she cannot show that she was denied benefits. She received and took all of the paid time off she wanted in 2014. Thus, we affirm the District Court's decision.

---

[10] *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 155 (3d Cir. 2017) (citation omitted).

4

## C. FMLA Retaliation Claim

Lastly, Caplan argues that Victoria's Secret retaliated against her by firing her for taking a FMLA-eligible leave. To establish a prima facie FMLA retaliation claim, a plaintiff must show that "(1) [the plaintiff] invoked her right to FMLA-qualifying leave; (2) [the plaintiff] suffered an adverse [action]; and (3) the adverse action was causally related to her invocation of rights."[11] Evidence of temporal proximity alone from when the plaintiff invoked her right to the adverse action is insufficient to demonstrate a causal link unless it is "unusually suggestive" of retaliatory motive.[12]

If the plaintiff makes a prima facie case, the defendant must then "articulate some legitimate, nondiscriminatory reason" for its decision.[13] If the defendant meets this burden, the plaintiff must show that the reason offered by defendant was pretextual.[14]

Caplan's FMLA retaliation claim also fails because she did not show that Victoria's Secret representatives who made the decision to terminate her were aware of her paid time off in 2014 or of her or her son's medical issues that year. During meetings regarding her termination, no one discussed her medical conditions or leaves of absence. There is no evidence that they were concerned with anything other than the Facebook posts when making their decision. Further, assuming Caplan made a prima facie case of

---

[11] *Lichtenstein v. Univ. of Pitts. Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012).

[12] *Id.* at 307; *see also Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997); *Ambrose v. Township of Robinson, Pa.*, 303 F.3d 488, 494 (3d Cir. 2002) ("[T]emporal proximity can[not] be used to show that an employer was aware of the protected conduct in the first place.")

[13] *Id.*

[14] *Id.*

retaliation, she has failed to show that Victoria's Secret's concern with the Facebook posts was pretextual. Victoria's Secret had a legitimate, nondiscriminatory reason to terminate her employment, as it was concerned with Caplan's violation of its Social Media and Off Duty Conduct policies. Thus, we will affirm the District Court's decision.

## IV.

For the aforementioned reasons, we will affirm the District Court's decision.